Filed 5/23/16  P. v. Walton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C079998 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF132401, CRF141739) |
| v. | |
| JOSHUA DAVID WALTON, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2013, Karen B. was holding her laptop when defendant forcibly took it from her possession, with the intent to permanently deprive her of it.  Defendant

1

pleaded no contest to second degree robbery (Pen. Code, § 211),[1] pursuant to *People v. West* (1970) 3 Cal.3d 595, in exchange for being granted probation and initially serving no more than one year in county jail. At sentencing, the trial court suspended the imposition of sentence and placed defendant on probation for a period of three years. Among the conditions of probation was that defendant not contact, harass, annoy, threaten, or batter Karen B. The trial court also ordered defendant to serve 25 days in county jail, with credit for time served, ordered defendant to complete a six-month residential treatment program, and not to possess any marijuana or drug paraphernalia. The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4), a $300 suspended probation revocation fine (§ 1202.44), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

On June 23, 2014, before sentencing in case No. CRF 13-2401, the People informed the trial court they had filed a new case, case No. CRF 14-1401, charging defendant with robbery (§ 211 - count 1), with an on bail enhancement allegation (§ 12022.1), and dissuading a witness (§ 136.1 - count 2).[2]

Defendant moved to withdraw his plea in case No. CRF 13-2401. The trial court denied the motion.

On August 6, 2014, in case No. CRF 14-1739, another complaint charged defendant with extortion (§ 518) and also alleged an on bail enhancement (§ 12022.1). About a month later, the trial court also granted the People's motion to amend the complaint in case No. CRF 14-1401 to add a charge of grand theft (§ 487). Defendant then pleaded no contest to the grand theft charge, in exchange for no immediate state

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2] Case No. CRF 14-1401 was not listed in the notice of appeal. Accordingly, none of the documents related to that case are contained in the record on appeal.

prison.  Defendant also pleaded no contest to the extortion charge in CRF 14-1739, and admitted the on bail enhancement allegation.[3]  The trial court suspended imposition of sentence and placed defendant on three years' probation.  As to both cases, the trial court also imposed a $300 restitution fine (§ 1202.4), a $300 suspended probation revocation fine (§ 1202.44), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).  The trial court dismissed the remaining counts and allegations.

In April 2015, the probation officer filed a petition alleging defendant had violated probation by failing to report, failing to attend and complete substance abuse counseling, testing positive for methamphetamine, and possessing drug paraphernalia.  Defendant admitted each violation, with the agreement that his conviction in case No. CRF 14-1401 would be reduced to a misdemeanor under Proposition 47, with credit for time served on that case.

The trial court sentenced defendant to an aggregate term of five years in state prison, calculated as follows:  two years on the robbery in case No. CRF 13-2401 as the principal term; a consecutive one-year term on the extortion in case No. CRF 14-1739; and a consecutive two years for the on bail enhancement.  The court reaffirmed the fines and fees previously imposed, lifted the stays on the previously imposed probation revocation fines, and imposed and stayed a $300 parole revocation fine in each case (§ 1202.45).

The notice of appeal indicated defendant's appeal was based on his sentence, nonetheless defendant claimed illegal sentencing and ineffective assistance of counsel on a request for a certificate of probable cause form.  The trial court granted defendant's certificate for probable cause.

_____

[3] Defendant's plea form indicates the factual basis can be found in a police report.  That police report is not part of our record on appeal.

3

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

           MURRAY        , J.

We concur:

     BLEASE       , Acting P. J.

     HULL        , J.